IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JAMES ANTHONY JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NURSE LYNN SEAMANS, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 6:22-cv-29 |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants Kenneth Thompson's and Noel Brown's Motion to Dismiss, doc. 24, and Defendants Lynn Seamans' and Sean Blalock's Motion to Dismiss, doc. 32. Plaintiff filed Responses, opposing each Motion to Dismiss. Docs. 35, 37. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motions to Dismiss and **DISMISS without prejudice** Plaintiff's Complaint based on his failure to exhaust available remedies. Docs. 24, 32. Because I have recommended dismissal in this case, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on April 12, 2022, asserting Defendants Lynn Seamans, Kenneth Thompson, Noel Brown, and Sean Blalock violated his constitutional rights. Doc. 1. Plaintiff was a pretrial detainee at the Bulloch County Jail in Statesboro, Georgia. Id. at 3. Plaintiff suffers from heart disease and high blood pressure. Id. at 6. He claims Defendants

Seamans and Blalock, both nurses, knew of his medical condition and denied him treatment on March 6, 2022.  Id.  This resulted in an eight-day hospitalization.  Id.  Plaintiff claims Defendant Thompson "is who Nurse Lynn reports to when someone has a serious medical issue" and Defendant Brown "is who Kenneth Thompson reports to when a serious medical issue occurs."  Id.

Defendants Thompson and Brown argue Plaintiff's claims against them should be dismissed because Plaintiff failed to properly exhaust his available administrative remedies prior to filing suit, Plaintiff is barred from bringing his claims *in forma pauperis* by the "three strikes provision" of 28 U.S.C. § 1915(g), Plaintiff's claims are barred by res judicata, and Plaintiff fails to establish a constitutional claim.  Doc. 24-1.  Defendants Seamans and Blalock adopt the same four arguments, except the res judicata argument as to Defendant Blalock.  Doc. 32.  Plaintiff filed a Response to each Motion to Dismiss.  Doc. 35, 37.

## DISCUSSION

### I.  Prison Litigation Reform Act's Exhaustion Requirements

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must properly exhaust all available administrative remedies—including the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions.  42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007); Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000).  The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Whatley v. Warden, Ware State Prison (Whatley I), 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)).

Proper exhaustion is mandatory, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how

2

special the circumstances.  Ross v. Blake, 578 U.S. 632, 639 (2016) (finding the PLRA requires exhaustion "irrespective of any 'special circumstances'" and its "mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account"); Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  Moreover, courts may not consider the adequacy or futility of the administrative remedies afforded to the inmate.  Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (noting an inmate's belief administrative procedures are futile or needless does not excuse the exhaustion requirement).  Rather, courts may only determine whether administrative remedies are available and whether the inmate properly exhausted these remedies prior to bringing his federal claim.  Id.

Proper exhaustion requires compliance with the prison's administrative policies, deadlines, and other critical procedural rules.  Woodford v. Ngo, 548 U.S. 81, 91–92 (2006); Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005))).  "[A]n inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."  Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000)); Gooch v. Tremble, No. 1:18-cv-058, 2018 WL 2248750, at *3 (S.D. Ga. Apr. 20, 2018) ("[B]ecause exhaustion of administrative remedies is a 'precondition' to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure before initiating this suit." (quoting Higginbottom, 223 F.3d at 1261)).  An incarcerated individual cannot "cure" an

3

exhaustion defect by properly exhausting all remedies after filing suit. Terry, 491 F. App'x at 83; Harris, 216 F.3d at 974.

Moreover, to properly exhaust, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant, 530 F.3d at 1378; see also Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2003) (affirming sua sponte dismissal for failure to exhaust when a federal inmate submitted a written complaint and appealed the decision but filed his lawsuit before receiving the final decision on his appeal); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

## II.     Standard of Review for Exhaustion

A defendant may raise an inmate-plaintiff's failure to exhaust as an affirmative defense. Jones, 549 U.S. at 216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA . . . ."); Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209. When so raised, "[d]efendants bear the burden of proving that the plaintiff failed to exhaust his administrative remedies." Pearson, 665 F. App'x at 867 (quoting Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)); see also Trevari v. Robert A. Deyton Det. Ctr., 729 F. App'x 748, 752; White v. Berger, 709 F. App'x 532, 541 (11th Cir. 2017); Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015); Turner, 541 F.3d at 1082.

In Turner v. Burnside, the Eleventh Circuit laid out a two-part test for resolving motions to dismiss for failure to exhaust administrative remedies under § 1997e(a). 541 F.3d at 1082. First, courts "look[] to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id.; see also Bracero v. Sec'y, Fla. Dep't of Corr., 748 F. App'x 200, 202 (11th Cir. 2018). This

4

prong of the Turner test ensures there is a genuine dispute of material fact regarding the inmate-plaintiff's failure to exhaust. Glenn v. Smith, 706 F. App'x 561, 563–64 (11th Cir. 2017) (citing Turner, 541 F.3d at 1082); Pavao v. Sims, 679 F. App'x 819, 824 (11th Cir. 2017). "The court should dismiss [the action] if the facts as stated by the prisoner show a failure to exhaust." Abram v. Leu, 759 F. App'x 856, 860 (11th Cir. 2019) (quoting Whatley I, 802 F.3d at 1209); Turner, 541 F.3d at 1082 ("This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).").

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082; see also Glenn, 706 F. App'x at 563–64; Pearson, 665 F. App'x at 867 ("At the second step, the court [is] permitted to make factual findings to resolve the issue of exhaustion."). After resolving the factual disputes, the court then decides whether, "based on those findings, defendants have shown a failure to exhaust." Bracero, 748 F. App'x at 202 (quoting Whatley I, 802 F.3d at 1209). Additionally, "[w]hen ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings." Berger, 709 F. App'x at 541 n.4 (citing Bryant, 530 F.3d at 1376); Glenn, 706 F. App'x at 563–64; Singleton v. Dep't of Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (citing Bryant, 530 F.3d at 1376) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record.").

**III.     Applying <u>Turner</u>**

    **A.     The Bulloch County Jail Grievance Procedures**

Under the Bulloch County Sheriff's Office Inmate Grievance Procedures, if an inmate alleges a violation of his civil rights, the inmate is referred to the formal grievance system. Doc. 24-2 at 1, 4.  Once an inmate is referred to the formal grievance system, he may file a written grievance within five days of discovery of the incident or when he reasonably should have discovered the incident.  <u>Id.</u> at 1, 5.  The grievance must be responded to within 15 days of being submitted.  <u>Id.</u> at 5.  Upon receiving a response to the grievance, an inmate has three days to accept the findings and action taken or appeal to the jail administrator.  <u>Id.</u>  If an inmate appeals the decision, he is to provide the written reasons for his appeal to the jail administrator. <u>Id.</u>

    **B.     Plaintiff Failed to Exhaust His Available Administrative Remedies**

        *1.     Plaintiff's claims survive <u>Turner</u> step one.*

Plaintiff filed this suit on April 12, 2022.  Doc. 1 at 14.  Plaintiff was required to exhaust all available remedies prior to that date.  Defendants, relying on the affidavit of Defendant Thompson, argue Plaintiff filed no grievances or appeals related to the allegations raised in his Complaint.  Doc. 24-1 at 8–9.  Defendant Thompson testifies after reviewing the grievances Plaintiff submitted, the Bulloch County Jail has no record of Plaintiff filing a grievance related to his medical treatment before he filed his Complaint.[1]  Doc. 24-2 at 2.  Plaintiff does not respond directly to Defendants' exhaustion arguments, but in his Complaint, Plaintiff states he filed and

---

[1] Defendants acknowledge Plaintiff filed three grievances that could be construed as relating to Plaintiff's medical treatment and at least one concerned Plaintiff's blood pressure.  Doc. 24-1 at 9.  However, all three of these grievances appear to relate to other events, and, more importantly, all three were filed *after* Plaintiff filed his Complaint.  Therefore, the grievances are not germane to evaluating whether Plaintiff exhausted his administrative remedies.

appealed a grievance related to the issues he complains of in this case before he filed his Complaint. Doc. 1 at 9–10. He says both his grievance and appeal were "rejected by Nurse Lynn." Id. at 10.

At step one under Turner, the Court must consider the "factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Turner, 541 F.3d at 1080–82. To give Plaintiff the full benefit of this approach, the Court considers Plaintiff's factual allegations concerning exhaustion in his Complaint. Plaintiff's allegations and Defendants' allegations plainly conflict. Plaintiff contends he filed and appealed a grievance regarding his March 6, 2022 medical treatment before he filed suit; Defendants contend he did not. Looking solely at Plaintiff's allegations, they are enough to survive a motion to dismiss for failure to exhaust his administrative remedies under the first step of the Turner test.

2. ***Plaintiff's claims fail under Turner step two.***

The parties' filings present a factual question under Turner step two. Specifically, the parties dispute whether Plaintiff properly filed and appealed his grievance before he filed his Complaint. Plaintiff alleges in his Complaint he filed a grievance on the dorm kiosk, it "was rejected by Nurse Lynn," and his appeal was "rejected by Nurse Lynn," completing the grievance process. Doc. 1 at 10. Defendants show they have no record of any relevant grievance filed by Plaintiff before he filed suit. Doc. 24-1 at 10–11; Doc. 32 at 3.

"[F]actual determinations regarding exhaustion (or lack thereof) under § 1997e(a) often pose problems for the district courts." Womack v. Sikes, No. CV 307-042, 2008 WL 4104148, at *5 (S.D. Ga. Sept. 4, 2008). Nevertheless, a district judge may act as a factfinder in resolving whether an inmate has exhausted his non-judicial remedies. Bryant, 530 F.3d at 1374 (citing

7

Wyatt v. Terhune, 315 F.3d 1108, 1119–20 (9th Cir. 2003)).  The Supreme Court has explained "discredited testimony" cannot be relied upon to resist summary judgment, and courts in this district have applied that principle equally when making factual determinations under Turner step two.  See Womack, 2008 WL 4104148, at *5–6 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57 (1986)).  Thus, to the extent Plaintiff relies upon his own self-serving allegations, the Court properly considers whether a "reasonable juror would undertake the suspension of disbelief necessary to credit the allegations."  Id. (citing Jeffreys v. City of New York, 426 F.3d 549, 555 (2d Cir. 2005)).

Failure to exhaust is an affirmative defense which, like other affirmative defenses, puts the burden of proof squarely on defendants.  See Presley v. Scott, 679 F. App'x 910, 912 (11th Cir. 2017) ("It is the defendant's burden to prove a plaintiff has failed to exhaust his administrative remedies, which requires evidence that the administrative remedies are available to the plaintiff."); Berger, 709 F. App'x at 542 (finding "[t]he district court misapplied the law in penalizing [plaintiff] for failing to take advantage of remedies the defendants failed to prove were available to him"); Whatley I, 802 F.3d at 1209; Turner, 541 F.3d at 1082–83; see also Abram, 759 F. App'x at 861 (remanding to determine whether administrative remedies were available to plaintiff where plaintiff alleged prison staff refused to provide grievance forms and plaintiff provided an affidavit from another inmate who witnessed plaintiff's request for forms and subsequent denial).  Even when a plaintiff relies only "upon his own self-serving allegations," courts should not dismiss the action outright but should "consider[] whether a 'reasonable juror would undertake the suspension of disbelief necessary to credit the allegations.'"  Womack, 2008 WL 4104148, at *6 (quoting Jeffreys, 426 F.3d at 555).

8

Before a court resolves disputed factual issues in a motion to dismiss, the court must ensure "the parties ha[d] sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 & n.14; see also Glenn, 706 F. App'x at 564 ("[I]f there are disputed factual issues, the court must allow the parties to develop the record . . . ."); Porter v. Sightler, 457 F. App'x 880, 882 (11th Cir. 2012); Singleton, 323 F. App'x at 785 (finding plaintiff-inmate had sufficient opportunity to develop the record when plaintiff filed "numerous pleadings, affidavits, and exhibits regarding the exhaustion issue").

Although Plaintiff did not address Defendants' failure to exhaust defense in his Responses to Defendants' Motions to Dismiss, both parties have had an opportunity to develop the record. Discovery has been open since August 12, 2022. Doc. 27. Defendants Thompson and Brown first raised a failure to exhaust defense on August 12, 2022. Doc. 24. Plaintiff filed Responses to Defendants' Motions to Dismiss on September 2, 2022, and September 12, 2022. Docs. 35, 37.

The evidence Defendants submit into the record contradicts Plaintiff's claim he filed a grievance and an appeal. Defendants submit an affidavit from Defendant Thompson asserting Plaintiff filed no grievances related to his alleged medical mistreatment on March 6, 2022. Doc. 24-2 at 1–2. Defendants further provide Bulloch County Jail records missing any indication of Plaintiff filing a grievance before he filed suit on April 18, 2022. Id. at 8–18. These records instead show Plaintiff filed grievances and appeals related to his medical treatment in May and June of 2022. Id. at 8–10. The evidence plainly and convincingly contradicts Plaintiff's contention in his Complaint that he filed a grievance and appeal about his medical treatment before he filed suit. Plaintiff fails to rebut or dispute Defendants' contentions or evidence in any way in his Responses. Therefore, I find a reasonable juror would not undertake

9

the suspension of disbelief necessary to credit Plaintiff's allegations.  Under Turner step two, I also conclude Plaintiff failed to exhaust his administrative remedies under the Bulloch County Jail grievance procedures.

Accordingly, I **RECOMMEND** the Court **GRANT** Defendants' Motions to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint for failure to exhaust his administrative remedies, and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal.  Because I have recommended dismissal based on Plaintiff's failure to exhaust, I decline to address Defendants' other arguments for dismissal.

## IV.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when she seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.

2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Defendants' Motions to Dismiss and Plaintiff's Responses, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motions to Dismiss and **DISMISS without prejudice** Plaintiff's Complaint based on his failure to exhaust available remedies.  Docs. 24, 32.  Because I have recommended dismissal in this case, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of March, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA